UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NADER A. GAD, | CASE NO. C23-1993JLR |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Before the court is *pro se* Petitioner Nader A. Gad's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Mot. (Dkt. # 1).) Respondent the United States of America ("the Government") opposes the motion. (Resp. (Dkt. # 5).) The court has reviewed the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES Mr. Gad's motion and DENIES Mr. Gad a certificate of appealability.

In December 2018, a grand jury returned a four-count indictment charging Mr. Gad with two counts of possession of heroin and methamphetamine with intent to

ORDER - 1

distribute pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts 1 and 3) and two counts of possession of firearms in furtherance of a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1)(A)(i) (Counts 2 and 4).  (Indictment (CR18-0316JLR Dkt. # 11).[1])  The § 924(c) charges in Counts 2 and 4 were based on the drug charges alleged in Counts 1 and 3.  (*Id.* at 2-3.)

In June 2019, Mr. Gad pleaded guilty to a lesser-included drug offense under Count 1 and the § 924(c) charge in Count 2.  (*See* Consent to Rule 11 Plea (CR18-0316JLR Dkt. # 29); Plea Agreement (CR18-0316JLR Dkt. # 30).)  The § 924(c) charge in Count 2 was again based on the drug charge in Count 1.  (Plea Agreement at 2.)  As part of his plea, Mr. Gad also waived appellate and collateral review of his conviction and sentence.  (*Id.* at 10-11.)  On November 4, 2019, the court imposed a below-Guidelines sentence of 24 months for the drug charge in Count 1 and a mandatory-minimum sentence of 60 months, served consecutively, for the § 924(c) charge in Count 2, resulting in a total term of incarceration of 84 months.  (11/4/19 Min. Entry (CR18-0316JLR Dkt. # 42); Judgment (CR18-0316JLR Dkt. # 43); *see also* PSR Sentencing Recommendation (CR18-0316JLR Dkt. # 35 (sealed)) at 1.)

Mr. Gad now argues that the conviction and sentence the court imposed under § 924(c) must be vacated as unconstitutional because the court improperly determined that his predicate crime was a "crime of violence."  (*See generally* Mot.)  The Government counters that the court should deny the motion because (1) it is untimely;

---

[1] The court uses this convention when citing documents in Mr. Gad's criminal case, *United States v. Gad*, No. CR18-0316JLR (W.D. Wash.)

1  (2) Mr. Gad's § 924(c) conviction and sentence were not based on a "crime of violence"

2  predicate; (3) Mr. Gad waived collateral review of his conviction and sentence; and

3  (4) Mr. Gad's challenge to his § 924(c) conviction is procedurally defaulted.  (*See*

4  *generally* Resp.)  The court concludes that even if Mr. Gad had avoided the procedural

5  hurdles the Government describes, his motion must nevertheless be denied because his

6  conviction and sentence were not based on a "crime of violence" in the first instance.

7       Section 924(c)(1)(A)(i) provides, in relevant part, that

> any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in the furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years.

11  18 U.S.C. § 924(c)(1)(A)(i).  A "drug trafficking crime" is defined, in relevant part, as

12  "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)[.]"

13  18 U.S.C. § 924(a)(2).  Meanwhile, a "crime of violence" is

> an offense that is a felony and—
>
>     (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>     (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18  18 U.S.C. § 924(a)(3).  Here, Mr. Gad was convicted and sentenced under 18 U.S.C.

19  § 924(c)(1)(A)(i) for possession of a firearm in furtherance of a drug trafficking crime

20  under the Controlled Substances Act and his indictment, plea agreement, and judgment

21  make no mention of a crime of violence.  (*See* Indictment at 2 (charging Mr. Gad in

22  Count 2 with possession of firerms in furtherance of the drug trafficking crime charged in

ORDER - 3

Count 1); Plea Agreement (agreeing to plead guilty to possession of firearms in furtherance of a drug trafficking crime "as charged in Count 2 of the Indictment"); Judgment at 1.)  Because Mr. Gad's conviction and sentence are based on the predicate crime of drug trafficking rather than a crime of violence, the court cannot offer Mr. Gad the relief he seeks.

For the foregoing reasons, the court DENIES Mr. Gad's motion to vacate, set aside, or correct his sentence (Dkt. # 1) and DISMISSES this matter with prejudice.  The court DENIES Mr. Gad a certificate of appealability because "jurists of reason" would not "find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *Slack v McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 26th day of April, 2024.

JAMES L. ROBART
United States District Judge